930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Lee HUFF, Petitioner-Appellant,
v.
Dewey SOWDERS, Respondent-Appellee.
 No. 90-5489.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1991.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and WOODS, District Judge*.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Terry Lee Huff has appealed from summary judgment entered by the United States District Court for the Eastern District of Kentucky in favor of respondent-appellee Dewey Sowders, Warden, North Point Training Center, denying the appellant's petition for a writ of habeas corpus. The appellant is in prison, serving a 20 year term for murder pursuant to a conditional guilty plea entered in the Harlan Circuit Court of Kentucky. The appellant has challenged the constitutionality of Ky.Rev.Stat. Sec. 439.3401, a statute which sets the minimum amount of time a prisoner must serve for various categories of an offense prior to becoming eligible for parole consideration. He has alleged that the formula the statute mandates for calculating the minimum time served violates the due process and equal protection clauses of the fourteenth amendment, his right to effective assistance of counsel under the sixth amendment,[1] and the prohibition against cruel and unusual punishment under the eighth amendment.
 
 
 2
 Upon review of the appellant's assignments of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, this court concludes that the Kentucky statute suffers from no constitutional deficiency.
 
 
 3
 Accordingly, the summary judgment in favor of the appellee is AFFIRMED for the reasons stated in the magistrate's findings of fact and recommendation filed January 3, 1990 as adopted by the district court on March 14, 1990.
 
 
 
 *
 The Honorable George Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The petitioner argued that the ambiguity of Ky.Rev.Stat. Sec. 439.3401 precluded his legal counsel from meaningfully advising him of his parole eligibility date, thus depriving the petitioner of sound legal advice upon which to instruct his counsel to argue either for a life term or for a term of years